UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES NATHANIEL WASHINGTON, JR.,

      Plaintiff,

v.                                        Case No: 6:23-cv-1562-DCI

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments. On June 24, 2010, Claimant was issued a favorable decision finding that he was disabled as of July 7, 2007. R. 137-45. On December 1, 2016, the Social Security Administration (SSA) determined Claimant was no longer disabled as of that date. R. 164-68. Following a hearing before an Administrative Law Judge (ALJ) on September 28, 2020, the ALJ issued an unfavorable decision finding Claimant was not disabled as of December 1, 2016. R. 15-48. Claimant appealed that decision to this Court and, on February 25, 2022, the Court reversed and remanded his case for further administrative proceedings. R. 2177-78.

While Claimant's request was pending before the Appeals Council, he filed a subsequent application for DIB and SSI benefits on September 10, 2021. R. 2184. On March 30, 2022, the Appeals Council entered a Notice of Order of Appeals Council Remanding Case to the ALJ (the Notice). R. 2181-86. The Appeals Council noted that Claimant:

> filed subsequent claims for Title II and Title XVI disability benefits on September 10, 2021. The Appeals Council's action with respect to the current claim renders the subsequent claims duplicate. Therefore, the ALJ will consolidate the claims files, associate the evidence, and issue a new decision on the consolidated II claims (20 CFR 404.952, 416.1452, and HALLEX I-1-10- 10). On remand, the ALJ should apply the prior rules to the consolidated case pursuant to HALLEX I-5-3-30.

R. 2184.

On August 12, 2022, Claimant attended a hearing before an ALJ. R. 2123-62. On June 16, 2023, the ALJ once again found Claimant not disabled as of December 1, 2016. R. 2078-2122. On August 16, 2023, Claimant initiated the present action against the Commissioner. Doc. 1. Following consideration of the parties' briefing, the Court directed supplemental briefing explaining why the apparent lack of the subsequent claim file in the record and List of Exhibits is not reversible error. Doc. 29. The Commissioner responded and Claimant filed a Reply. Docs. 30; 31.

Having considered the parties' briefing and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be reversed and remanded.

### I.     Issue on Appeal

The sole issue on appeal is whether the ALJ failed to comply with the Appeals Council's remand order. Doc. 19 at 6.

### II.    Legal Standard

The Eleventh Circuit has stated that it reviews whether the ALJ complied with a remand order *de novo*. *Trimble v. Comm'r of Soc. Sec.*, 2023 WL 8768903, at *4 (11th Cir. 2023) (citing *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989)). The ALJ has an obligation to develop a full and fair record. *Trimble*, 2023 WL 8768903, at *4 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). "The [ALJ] shall take any action that is ordered by the Appeals Council and

may take any additional action that is not inconsistent with the Appeals Council's remand order."

20 C.F.R. § 404.977(b). Further, as the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.  Discussion

Claimant argues that the ALJ committed reversible error by failing to follow the Appeals Council's directive to consolidate Claimant's claims files. Doc. 19 at 6-10; Doc. 28 at 1-3; Doc. 31 at 1-3. In response, the Commissioner argues that the ALJ properly consolidated Claimant's claims files and that the ALJ, per the Appeals Council's remand order, was only required to issue a new decision as to Claimant's Title II claims. Doc. 27 at 5-6. In the Commissioner's supplemental brief, the Commissioner concedes "that the ALJ's decision had flaws" but argues that "procedural perfection is not required." Doc. 30 at 3 (citing *Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009)). The crux of the Commissioner's argument is that the Social Security Administration (SSA) found Claimant disabled as of September 10, 2021 (the date Claimant filed his subsequent claims), but for purposes of SSI only, not DIB. Doc. 30 at 2. Therefore, the Commissioner argues, the ALJ was not required to issue a new decision on the subsequent SSI claim or include the notices attached to Claimant's brief (*see* Docs. 19-1; 19-2) unless the Appeals Council or SSA revoked the SSI Notice of Award. Doc. 30 at 2. Claimant, in turn, argues that the Commissioner fails to address the second notice attached to Claimant's brief (Doc. 19-2), which

notice provides that Claimant's monthly check would be for $1,762.00. Doc. 31 at 2. Claimant correctly notes that in 2022 the monthly maximum SSI payment amount for an eligible individual was $841.00. *See id.* at n. 2.[1] Accordingly, Claimant argues that this award directly contradicts the ALJ's finding that Claimant's "disability ended on December 1, 2016, and [he had] not become disabled again since that date." *Id.* (citing R. 2102).

The Court finds that there is insufficient evidence to conclude that the ALJ complied with the Appeal Council's remand order. "The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision." 20 C.F.R. §§ 404.977(a); 416.1477(a). The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order. *Id.* §§ 404.977(b); 416.1477(b). The Eleventh Circuit considers remand orders from the Appeals Council as a mandate, which "[a] court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Apone v. Comm'r, Soc. Sec. Admin.*, 435 F. App'x 864, 865 (11th Cir. 2011) (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985)).

"[A]n ALJ's failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record." *Ross v. Comm'r of Soc. Sec.*, No. 6:12-cv-959-Orl-22GJ, 2013 WL 5236680, at *3 (M.D. Fla. Sept. 17, 2013) (internal citations omitted); *see also Morales v. Comm'r of Soc. Sec.*, No. 618CV00194ORL28GJK, 2018 WL 5283901, at *2–3 (M.D. Fla. Oct. 9, 2018), *report and recommendation adopted*, 2018 WL 5281469 (M.D. Fla. Oct. 24, 2018) (remanding an action

---

[1] *See also* SSI Federal Payment Amounts, *available at* https://www.ssa.gov/oact/cola/SSIamts.html.

where the ALJ failed to assess the plaintiff's need to use an assistive device to walk, contrary to the Appeals Council's directive); *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *5 (M.D. Fla. Aug. 7, 2017) (remanding the action because the administrative law judge failed to comply with the Appeals Council's remand order by failing to discuss a particular physician's opinions).

In the present case, the Court's Order directing supplemental briefing asked the Commissioner to explain why Claimant's 2021 application appears to be entirely absent from the List of Exhibits, and from the record as a whole. Doc. 29. In response to this Order, the Commissioner did not sufficiently answer this essential question. Instead, the Commissioner provides that "[a]n individual cannot receive SSI for any period prior to the month in which he or she applied for SSI" and that "[t]he relevant period in an SSI case is from the month in which the claimant applied for SSI, through the date of the ALJ's decision." Doc. 30 at 2. The Commissioner states that "there was no reason for the ALJ to issue a new decision on the subsequent SSI claim or include the Notices attached to Plaintiff's brief in the file unless the AC/agency revoked the SSI Notice of Award." *Id.* That conclusory statement is not supported by any case law or any applicable regulations.

Accordingly, the Court is unpersuaded by the argument that the ALJ was not required to include as part of the claim file Claimant's 2021 application or the notices attached to Claimant's brief. The Appeals Council affirmatively directed the ALJ to consolidate the claims files—nothing the Commissioner has presented demonstrates that the complied as directed.

Accordingly, given the omissions from the claims files, coupled with the imprecision with which the Commissioner determined that the ALJ consolidated the files from the Subsequent Claims with the Original Claim, the Court is not convinced that the ALJ complied with the Appeals

Council's remand order, as there is no evidence that consolidation occurred. As such, this case is due to be remanded. *See Ross*, 2013 WL 5236680, at *3; *Morales*, 2018 WL 5283901, at *2–3; *Mahon*, 2017 WL 3381714, at *5.

IV. **Conclusion**

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision in this case be **REVERSED AND REMANDED** for further proceedings consistent with the findings of this Order; and

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties